**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GWENDOLYN PHILLIPS,<br>individually and on behalf of the classes<br>defined herein, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | 09 CV 7993 |
| vs. | ) <br> ) | Judge Kennelly<br>Magistrate Judge Cole |
| ASSET ACCEPTANCE, LLC, | ) <br> ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Gwendolyn Phillips respectfully asks the Court to compel Asset

Acceptance, LLC ("Asset") to produce certain documents relating to members of the putative

classes.

In support of this motion, Plaintiff states as follows:

1.     Plaintiff claims that Defendant brings time-barred collection actions in

courts in Illinois and 41 other states around the country in violation of The Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

2.     Plaintiff seeks to represent classes defined as :

(a) all individuals with addresses in one of the applicable jurisdictions (b) against
whom defendant Asset Acceptance, LLC filed a lawsuit (c) to collect a debt for
the purchase of gas (d) more than four years after default, (e) which lawsuit was
pending at any time during a period beginning one year [5 years for the ICAA
claim and 3 years for the ICFA claim] prior to the filing of this action and ending
20 days after the filing of this action.

(Complaint ¶¶ 43, 54, 57.)

3.     Plaintiff served Asset with written discovery requests for admissions,

1

interrogatories, and document requests on February 26, 2010. (Exhibit A.)

       4.     In Requests to Produce Nos. 15-17, Plaintiff sought "the complete file, including but not limited to computer information" for each class member. (Exhibit A, pp. 8-9.)

       5.     In its answers to Nos. 15-17, Asset objected to producing class member files:

> Objection. Asset objects to Request 15 [16-17] because it seeks information which is irrelevant and nor [sic] reasonably calculated to lead to the discovery of admissible evidence as to damages or liability issues in this case. This request is further overly broad, vague and ambiguous in that it generally seeks 'computer information' which is not defined regarding putative class member. In the event that a class is certified, defendant will produce the names and addresses pursuant to any applicable order of the Court of the persons in any certified class. Disclosure of the information sought prior to that time would violate the putative class members' privacy rights and the FEDCPA's prohibition against third-party communications. Asset denies that a class exists or that one should be certified under Plaintiff's proposed theory and denies liability in this case.

(Exhibit B, pp. 13-14.)

       6.     Pursuant to Fed. R. Civ. P. 37, Plaintiff's counsel, Francis R. Greene, sent a letter on August 5, 2010 to Asset's counsel regarding, *inter alia*, Asset's objections to producing answers to Nos. 15-17. (Exhibit C.) Mr. Greene subsequently conferred by telephone with Asset's counsel, Amy Jonker, regarding the contents of Mr. Greene's August 5 letter. During that conversation, Ms. Jonker stated that Asset would stand on its objection to producing documents responsive to Nos. 15-17 prior to an order of the Court certifying a class. (Exhibit D.)

       7.     Plaintiff seeks class member files for the purpose of rebutting any arguments made by Asset in its anticipated opposition to Plaintiff's motion for class certification. Specifically, Plaintiff anticipates that Asset will argue that Plaintiff has not satisfied the commonality, typicality, or predominance requirements of Rule 23 or that the classes, as defined,

cannot be identified. Having class member files will enable Plaintiff to refute such arguments.

        8.     On June 3, 2010, the Court entered the parties' stipulated protective order.

(Exhibit E.) Any privacy concerns by Asset about producing class member files to Plaintiff, *i.e.*,

the files of persons who Asset previously sued, should be allayed by the entry of the protective

order.

        WHEREFORE, Plaintiff respectfully asks the Court to compel Asset to produce

class members' files.

Respectfully submitted,

s/Francis R. Greene
Francis R. Greene

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>CERTIFICATE OF SERVICE</u>

I, Francis R. Greene, hereby certify that on August 19, 2010, I filed the forgoing documents with the Clerk of the Court using the CM/ECF System, which caused to be sent notification of such filing to the following parties via electronic mail:

Theodore Seitz
tseitz@dykema.com

James W. McConkey
jmcconkey@dykema.com

Amy R. Jonker
ajonker@dykema.com

s/Francis R. Greene<br>
Francis R. Greene