UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GWENDOLYN PHILLIPS, on behalf of herself and all others similarly situated, | )<br>)<br>) 09 C 7993 |
| Plaintiff, | )<br>)<br>) Judge Feinerman |
| vs. | )<br>) |
| ASSET ACCEPTANCE, LLC, | )<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Gwendolyn Phillips alleges in this putative class action that Asset Acceptance, LLC, brought a time-barred lawsuit against her in state court to collect a purported debt she owed for the purchase of natural gas. Doc. 1. Asset Acceptance's filing of that time-barred suit, Phillips asserts, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/1 *et seq.*, and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.* Phillips's claims, like the claims of each putative class member, rest on the premise that Asset Acceptance's collection lawsuit was time-barred—so, if Asset Acceptance's collection lawsuit was timely as to a particular putative class member, that individual would have no FDCPA, ICAA, or ICFA claim against Asset Acceptance. Doc. 1 at ¶¶ 3, 25, 28, 41, 51.

Phillips moved for class certification, Doc. 21, and the parties submitted numerous briefs and supplemental materials, Docs. 23, 48, 55, 68, 69, 73-75, 79-82. Phillips asks the court to certify an FDCPA class, an ICAA class, and an ICFA class, with all three classes consisting of individuals against whom Asset Acceptance filed a lawsuit to collect a debt for the purchase of

natural gas more than four years after the individual defaulted on the debt. Doc. 21 at 1-2. The ICAA and ICFA classes are limited to individuals from Illinois. *Ibid*. The class certification motion proposed an FDCPA class of individuals from 42 States and the District of Columbia, *id*. at 1, but Phillips agreed in her reply brief that the FDCPA class could be narrowed to individuals from Illinois, Alaska, and Michigan, Doc. 55 at 4-5 & n.5. For the following reasons, the class certification motion is denied without prejudice to Phillips renewing her motion to address the matters set forth below.

**Background**

Asset Acceptance is in the business of purchasing defaulted debts from businesses and then seeking to collect those debts from the debtors. Doc. 1 at ¶ 8; Doc. 48 at 2. On December 15, 2003, Phillips defaulted on a debt owed to Nicor Gas Company for the purchase of natural gas. Doc. 55 at 1; Doc. 68 at 2; Doc. 68-1 at 19. On or about October 2, 2007, Asset Acceptance purchased Phillips's debt from Nicor Gas. Doc. 48-1 at p. 42, ¶¶ 9-10; Doc. 68 at 2; Doc. 68-1 at 19. On or about August 25, 2009, Asset Acceptance filed suit against Phillips in the Circuit Court of Cook County, Illinois, to collect the debt. Doc. 1-1; Doc. 1 at ¶ 14; *see Asset Acceptance LLC v. Phillips*, No. 09 MI 168969 (Cir. Ct. Cook Cnty., Ill.). Phillips raised the statute of limitations as an affirmative defense on October 23, 2009. Doc. 68 at 4; Doc. 68-4 at 24. Asset Acceptance voluntarily dismissed the suit on December 17, 2009. Doc. 1 at ¶ 16; Doc. 48-1 at p. 42, ¶ 11.

The parties agree that a collection suit accrues when the underlying account becomes delinquent, and therefore that Nicor Gas's collection claim against Phillips accrued on December 15, 2003. Doc. 68 at 7. The parties further agree that Asset Acceptance, upon purchasing

Phillips's debt from Nicor Gas, stepped into Nicor Gas's shoes for purposes of the accrual date. The parties disagree, however, about the applicable statute of limitations for the collection suit. Phillips contends that because natural gas is a "good" within the meaning of § 2-107 of the Uniform Commercial Code ("UCC"), *see* 810 ILCS 5/2-107, Asset Acceptance's collection claim was subject to the four-year statute of limitations imposed by § 2-725 of the UCC, *see* 810 ILCS 5/2-725. Asset Acceptance responds that because the UCC does not apply to utilities, its collection claim was subject to the five-year statute of limitations imposed by 735 ILCS 5/13-205 for actions on unwritten contracts.

Asset Acceptance filed its collection suit against Phillips more than five years after its collection claim accrued. Doc. 68 at 2. The suit therefore was untimely regardless of whether the limitations period is four or five years. Asset Acceptance asserts here that when it coded Phillips's account, it committed a data entry error that led its records to reflect a ten-year statute of limitations, which applies to actions on written contracts, *see* 735 ILCS 5/13-206, rather than a five-year limitations period. Doc. 48 at 2-3; Doc. 68 at 5; Doc. 69 at 2-4.

## Discussion

To be certified, a proposed class must satisfy the four requirements of Rule 23(a): "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims and defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). If Rule 23(a) is satisfied, the proposed class must fall within one of the three categories in Rule 23(b), which are: "(1) a mandatory class action (either because of the risk of incompatible standards for the party

opposing the class or because of the risk that the class adjudication would, as a practical matter, either dispose of the claims of non-parties or substantially impair their interests), (2) an action seeking final injunctive or declaratory relief, or (3) a case in which the common questions predominate and class treatment is superior." *Spano v. Boeing Co.*, 633 F.3d 574, 583 (7th Cir. 2011). As the putative class representative, Phillips bears the burden of showing that each requirement is satisfied. *See Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). "Failure to meet any one of the requirements of Rule 23 precludes certification of a class." *Harriston v. Chi. Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993) (internal quotation marks omitted).

Although "as a general principle, a court is not allowed to engage in analysis of the merits in order to determine whether a class action may be maintained[,] … the boundary between a class determination and the merits may not always be easily discernible," and "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Retired Chi. Police*, 7 F.3d at 598-99 (internal quotation marks omitted); *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (class certification analysis "[f]requently … will entail some overlap with the merits of the plaintiff's underlying claim"). As the Seventh Circuit has explained, "a district court must make whatever factual and legal inquiries are necessary to ensure that requirements for class certification are satisfied before deciding whether a class should be certified, even if those considerations overlap the merits of the case." *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 815 (7th Cir. 2010); *see also Amgen Inc. v. Conn. Retirement Plans & Trust Funds*, 133 S. Ct. 1184, 1195 (2013) ("Merits questions may be considered to the extent—but only to the

extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."); *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 889-90 & n.6 (7th Cir. 2011). The Seventh Circuit has instructed district courts to exercise "caution in class certification generally." *Thorogood v. Sears, Roebuck & Co.*, 547 F.3d 742, 746 (7th Cir. 2008); *see also Pella Corp. v. Saltzman,* 606 F.3d 391, 393 (7th Cir. 2010) ("consumer fraud class actions present problems that courts must carefully consider before granting certification").

Judges in this District have certified classes where, as here, the class consisted of consumers against whom the defendant debt collector allegedly filed time-barred collection suits. *See Herkert v. MRC Receivables Corp.*, 254 F.R.D. 344 (N.D. Ill. 2008); *Cotton v. Asset Acceptance, LLC*, 2008 WL 2561103 (N.D. Ill. June 26, 2008); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D. Ill. 2008). There is no need to decide here whether those decisions survive recent precedents like *Comcast Corp. v. Behrend*, 569 U.S. __, 2013 WL 1222646 (2013), and *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770 (7th Cir. 2013), which, while dealing with federal antitrust claims (*Behrend*) and state and federal wage-and-hour claims (*Espenscheid*), may portend a tightening of class certification standards more generally, particularly as to the circumstances under which the task of measuring damages sustained by absent members destroys predominance under Rule 23(b)(3). *Cf. Thomas v. Arrow Fin. Servs., LLC*, 2006 WL 2438346, at *6 (N.D. Ill. Aug. 17, 2006) (denying certification of ICAA and ICFA claims because "each class member's proof of actual damages will require individualized hearings, thereby hindering the goal of judicial efficiency and rendering a class action inappropriate"). The reason that question need not be addressed here is that class certification founders, at least on the present record, under Rule 23(a) due to the confluence of adequacy and

typicality problems, on the one hand, and a numerosity problem, on the other, given the particular and uncommon circumstances of this case.

The Rule 23(a)(3) typicality inquiry "primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (internal quotation marks omitted). The Rule 23(a)(4) adequacy inquiry "consists of two parts: (1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). The adequacy of proposed class counsel is unquestioned, as it should be; the law firm of Edelman, Combs, Latturner & Goodwin, LLC, is qualified to represent the proposed class in a case of this nature. *See*, *e.g.*, *Miller v. Midland Credit Mgmt., Inc.*, 2009 WL 528796, at *3 (N.D. Ill. Mar. 2, 2009) (holding that the Edelman firm was adequate as class counsel); *Randolph v. Crown Asset Mgmt., LLC*, 254 F.R.D. 513, 518-19 (N.D. Ill. 2008) (same); *Herkert*, 254 F.R.D. at 351 (same) (citing other Edelman cases); *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 299 (N.D. Ill. 2007) (same) (citing other Edelman cases). The trouble with typicality and adequacy arises from the specific circumstances of Asset Acceptance's state court collection suit against Phillips, as compared to the circumstances of Asset Acceptance's suits against the vast majority of the putative class members.

As noted above, Asset Acceptance filed its state court collection suit against Phillips in August 2009 to press a claim that had accrued in December 2003, meaning that the suit, having been filed more than five years after the collection claim accrued, was untimely regardless of

whether the governing limitations period was four or five years. This raises the question whether Phillips has an adequate incentive to litigate that question on behalf of those members of the putative class who were sued by Asset Acceptance more than four years but less than five years after their gas accounts had become delinquent—a cohort whose FDCPA, ICAA, and ICFA claims indisputably fail if the limitations period is five years rather than four years. If Phillips's own claims do not give her an adequate incentive to litigate that question, then she is not a typical or adequate class representative as to that portion of the putative class. *See Muro*, 580 F.3d at 492-93 (holding that the named plaintiff was not adequate or typical because she had "little incentive to litigate vigorously" an issue important to the claims of "most of her proposed fellow class members"); *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 n.7 (5th Cir. 2002) (suggesting that the named plaintiff was not adequate or typical where she "has no incentive to pursue the claims of the other class members") (internal quotation marks omitted); *Robinson v. Sheriff of Cook Cnty.*, 167 F.3d 1155, 1157 (7th Cir. 1999) (holding that typicality and adequacy are lacking where the proposed class representative has little "incentive to press issues important to other members of the class").

Because the parties' briefs did not address this particular issue, the court raised its concern at a hearing on the class certification motion and asked putative class counsel to explain what incentive Phillips had to litigate the question whether the limitations period was four of five years:

> Court: [Counsel], … regardless of whether the statute of limitations is four years or five years, [Phillips] … wins, assuming all the other elements of [her] claims are met. What's her incentive to litigate the four-year versus five-year issue? Why does she care[, given that] she was sued after five years had expired. And the reason I'm asking you this is [because]

|  |  |
|---|---|
|  | under the adequacy prong of Rule 23(a), the plaintiff has to have an incentive to … [litigate] the issue that's going to impact all the other class members. And I'm talking about the people who were sued between year 4 and year 5. So, why does she care whether it's four or five, given that she wins either way? |
| Counsel: | Well, you know, she's not a lawyer. She just knows she was sued, and she believes she was treated unfairly in being sued after the statute [of limitations] had passed. She believes that others in her boat, four years, five years, should get relief. And she's demonstrated that she's committed to the case. She's answered the written discovery. She sat for a deposition. I think she indicated in the deposition that she's prepared to be a witness at trial. She attended the settlement conference. She's entertained settlement offers from the defendant. I mean, I think her actions speak for themselves. |
| Court: | That doesn't really answer my question. Why does she care whether it's four years or five years? She's just as happy—wouldn't she be just as happy if I determined that the statute of limitations was five years in terms of her own personal claim? |
| Counsel: | If you say that the statute [of limitations] is five years and the class doesn't recover, and—I think she would be unhappy about that. |
| Court: | What about with respect to her own claim, her own personal incentive? |
| Counsel: | If she wins under four years or five years, I guess that's true. She doesn't get any more money. I guess potentially, if—if your Honor holds that it's a five-year statute—well, you know, in Asset's brief, they indicated that there were a number of people who were sued after five years. It was not just her. So, she would still seek to recover on behalf of those people.<br><br>I don't know. This is kind of a metaphysical question. You know, I think that her actions have shown that she's interested in pursuing this case. She doesn't have any interests that are in conflict with the class in any meaningful way. I don't know how else to explain it, Judge. |

Counsel's responses to the court's questions did not allay the court's concern. The fact that Phillips is willing to fulfill the role of class representative, and the fact that she wants the four-to-five-year cohort to prevail, do not make her an adequate class representative for that cohort if she does not have the incentive to litigate an issue central to the cohort's claims. *See Muro*, 580 F.3d at 492-93; *Stirman*, 280 F.3d at 563 n.7; *Robinson*, 167 F.3d at 1157; *Melong v. Micronesian Claims Comm'n*, 643 F.2d 10, 14 (D.C. Cir. 1980) (holding that a named plaintiff is not an adequate class representative where "there is no assurance that [he] will vigorously litigate those questions of fact and law which he need not address to prevail on his individual claim but which are essential to any recovery by the [other class members]") (internal quotation marks omitted). Putative class counsel's inability to explain how Phillips's individual claim gives her an incentive to litigate that crucial issue on that cohort's behalf all but concedes that she has no such incentive.

Phillips might be an adequate and typical class representative for those putative class members who, like her, were sued by Asset Acceptance more than five years after their gas accounts had become delinquent. Those collection suits indisputably were time-barred, and the question for that cohort would be whether Asset Acceptance had any other viable defenses to their FDCPA, ICAA, and ICFA claims. Assuming that Phillips had no other adequacy problems and that all other requirements of class certification were satisfied—matters on which the court offers no view, other than on numerosity, which is discussed below—the solution would be to certify a class limited to the over-five-year cohort. That is precisely what putative class counsel proposed at the end of the above-quoted colloquy, a proposal that Phillips reiterated in a post-hearing brief. Doc. 74 at 2-3.

The trouble is that a class limited to the over-five-year cohort does not satisfy the Rule 23(a)(1) numerosity requirement, at least as far as the present record shows. The court asked the parties to submit briefs regarding, among other topics, "whether Phillips is the only Illinois putative class member who was sued more than five years after default" and "whether all other Illinois putative class members were sued between four and five years after default." Doc. 58. Phillips's brief was unilluminating on those questions. Doc. 68 at 11-12. Asset Acceptance responded that "290 lawsuits were probably filed in Illinois between four and five years" after the delinquency date, with 93 of those "probably served" and 197 "probably not" served, and that "45 lawsuits were probably filed in Illinois five years" after the delinquency date, with 23 "probably served (including Phillips)" and 22 "probably not served." Doc. 69 at 7.

Seizing on Asset Acceptance's statement that there are 45 individuals in the over-five-year cohort, one of Phillips's post-hearing submissions argued that, "[i]f nothing else, the number of persons sued in those suits is sufficient to comprise a class." Doc. 74 at 2-3. However, the 22 individuals who were not served in the state court collection suits could not possibly have been harmed—there is no reason to believe that they even knew about the suits—and thus should not be included in any class. *See Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 824 (7th Cir. 2012) ("a class should not be certified if it is apparent that it contains a great many persons who have suffered no injury at the hands of the defendant") (internal quotation marks omitted); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513-14 (7th Cir. 2006) (holding that class certification was properly denied where the proposed class was not limited to individuals who had actual claims against the defendant); *Adashunas v. Negley*, 626 F.2d 600, 604 (7th Cir. 1980) (holding that class certification was properly denied where "it

cannot be reasonably clear that the proposed class members have all suffered a constitutional or statutory violation warranting some relief"). That leaves 23 class members from Illinois for whom Phillips could serve as an adequate class representative; this dooms the proposed ICAA and ICFA classes—which, as noted above, are limited to Illinois residents—on numerosity grounds. Although there is no fixed numerical threshold under Rule 23(a)(1), the Supreme Court has held that a putative class of fifteen members "is too small to meet the numerosity requirement," and cited with approval decisions holding that numerosity was not satisfied where the putative class consisted of 37 members, 35-45 members, and 26 members. *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330 & n.14 (1980). Consistent with *General Telephone*, the Seventh Circuit held in *Pruitt v. City of Chicago*, 472 F.3d 925 (7th Cir. 2006), that a proposed class of "fewer than 40" "flunked the numerosity requirement" where the named plaintiff did not explain why joinder of forty plaintiffs would not "be practical." *Id.* at 926.

Phillips does not explain why joinder of 23 plaintiffs, or even of all 45 plaintiffs in the over-five-year cohort, would not be practical, thus forfeiting the point. *See Milligan v. Bd. of Trs. of S. Ill. Univ.*, 686 F.3d 378, 386 (7th Cir. 2012); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007); *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003); *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995). In any event, given that all 23 putative class members are from Illinois and are identifiable from Asset Acceptance's records, Phillips could not have made the requisite showing of impracticability even if she had tried. *See* 7A Wright, Miller, Kane & Marcus, *Federal Practice & Procedure*, § 1762, at 207-08 (3d ed. 2005) ("when the court finds that the class members are widely dispersed geographically, then their joinder may be deemed

impracticable, whereas, depending on their numbers, class members located in a single geographic location may not meet the requirement"); *Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986) (same); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 131-32 (1st Cir. 1985) (same); *Garcia v. Gloor*, 618 F.2d 264, 267 (5th Cir. 1980) (holding that the numerosity requirement was not satisfied where the proposed class consisted of thirty-one individuals whose "identity and addresses were readily ascertainable" and who lived in the same "geographical area").

It is conceivable that there are more than 23 putative class members for the FDCPA class, because that class as proposed by Phillips includes individuals not only from Illinois, but also from Michigan and Alaska. The record, however, does not indicate the number of non-Illinois putative class members whom Asset Acceptance sued in collection cases more than five years after their accounts had become delinquent. Because it is possible that the number of putative class members in the Michigan and Alaska cohort, when added to the 23 putative class members from Illinois, would establish Rule 23(a)(1) numerosity, it cannot definitively be said on this record that class certification fails on numerosity grounds. It also is possible that Phillips believes that there are more than 23 putative class members from Illinois. Accordingly, Phillips will be given the opportunity to develop a factual record on these points, if she wishes to do so.

**Conclusion**

"The Supreme Court has made clear that a class 'may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied,' and 'actual, not presumed, conformance with Rule 23(a) remains … indispensable.'" *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003) (quoting *General Tel. Co. of the Sw. v. Falcon*, 457

U.S. 147, 160-61 (1982)). For the foregoing reasons, Phillips's motion for class certification fails to comply with Rule 23(a) and therefore is denied. The denial is without prejudice to Phillips renewing her motion and supplementing the record in an effort to establish numerosity. If Phillips does so, Asset Acceptance would be given the opportunity to address any new material set forth in Phillips's renewed motion, to contend that the individuals from Michigan and Alaska should not be members of the class, and also to set forth or reiterate any other arguments against class certification that it might have—arguments that the court found unnecessary to reach here, having denied class certification on the particular grounds set forth above.

April 12, 2013

_____
United States District Judge